1
2
3
4
5

6                           UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8
   BILLY MAYBERRY,                        )        1:09-CV-00873 LJO GSA HC
9                                         )
                    Petitioner,           )
10                                        )        FINDINGS AND RECOMMENDATION
        v.                                )        REGARDING RESPONDENT'S MOTION
11                                        )        TO DISMISS
                                          )
12  J. D. HARTLEY,                        )        [Doc. #15]
                                          )
13                  Respondent.           )
                                          )
                  _____    )
14

15          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17                                        **BACKGROUND**[1]

18          Petitioner is currently in the custody of the California Department of Corrections at the

19  Avenal State Prison serving a term of 20 years to life in state prison for his 1995 conviction for

20  second degree murder with use of a firearm.  Petitioner challenges a parole hearing held on

21  September 12, 2007, wherein Petitioner was denied parole.

22          It appears Petitioner did not administratively appeal the decision. However, he filed petitions

23  for writ of habeas corpus in the state courts as follows:

24          1.      Los Angeles County Superior Court
                    Filed: April 16, 2008[2];
25

26          [1]This information is taken from the pleadings submitted by the parties.

27          [2]Pursuant to the mailbox rule, the Court deems Petitioner's several habeas petitions filed on the date he signed them
    and presumably handed them to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey,
28  273 F.3d 1220, 1222 (9th Cir. 2001).

1          Denied: April 30, 2008;

2     2.    California Court of Appeals, Second Appellate District
             Filed: November 13, 2008;
3            Denied: February 4, 2009;

4     3.    California Supreme Court
             Filed: February 11, 2009;
5            Denied: April 15, 2009.

6  See Mot. to Dismiss, Exhibits 1-6.

7          On May 13, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court.

8  Respondent filed a motion to dismiss the petition on June 15, 2010, for violating the statute of

9  limitations. Petitioner filed an opposition on July 1, 2010. Respondent filed a reply to the opposition

10 on July 12, 2010.

11                                    **DISCUSSION**

12 I.  Procedural Grounds for Motion to Dismiss

13         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

14 petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See

15 also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

16         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

17 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

18 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

19 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

20 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

21 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

22 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

23 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

24         In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

25 one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss

26 pursuant to its authority under Rule 4.

27 II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

28         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

U.S. District Court
E. D. California        cd                            2

1  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

2  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

3  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

4  586 (1997).

5        In this case, the petition was filed on May 13, 2009, and therefore, it is subject to the

6  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

7  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

8  § 2244, subdivision (d) reads:

9        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
   corpus by a person in custody pursuant to the judgment of a State court.  The
10       limitation period shall run from the latest of –

11           (A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;

12

           (B) the date on which the impediment to filing an application created by
13  State action in violation of the Constitution or laws of the United States is removed, if
   the applicant was prevented from filing by such State action;

14

           (C) the date on which the constitutional right asserted was initially recognized by
15  the Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or

16

           (D) the date on which the factual predicate of the claim or claims presented
17  could have been discovered through the exercise of due diligence.

18       (2) The time during which a properly filed application for State post-conviction or
   other collateral review with respect to the pertinent judgment or claim is pending shall
19       not be counted toward any period of limitation under this subsection.

20  28 U.S.C. § 2244(d).

21       In most cases, the limitations period begins running on the date that the petitioner's direct

22  review became final. In a situation such as this where the petitioner is challenging a parole denial,

23  the Ninth Circuit has held that direct review is concluded and the statute of limitations commences

24  when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003)

25  (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual

26  predicate" of the inmate's claim that triggered the commencement of the limitations period). In this

27  case, Petitioner did not administratively appeal. Respondent argues the factual predicate of his claim

28  was the actual denial by the Board and therefore should serve as the start of the limitations period.

1  Petitioner contends that the limitations period did not commence until the time for filing an appeal

2  ended, which he argues was 150 days later. The Court finds Petitioner's argument to be persuasive in

3  part. In Webb v. Walker, 2008 WL 4224619 *4 (E.D.Cal. 2008), the Court noted that "[t]aken in the

4  proper context and the discussion of the *Redd* panel, the true holding in *Redd* is that the time starts to

5  run when the administrative decision is final." In this case, as noted in the parole hearing transcript,

6  the decision became final 120 days after the date of the hearing, or January 10, 2008. Petitioner is not

7  entitled to an extra thirty days, because that time period pertains to discretionary review by the

8  governor, and not the finality of the administrative decision. Therefore, the limitations period

9  commenced on January 11, 2008, the day after the parole decision became final. Under Section

10  2244(d)(1)(D), Petitioner had one year until January 10, 2009, absent applicable tolling, in which to

11  file his federal petition for writ of habeas corpus.  Petitioner did not file his federal petition until May

12  13, 2009, which was 123 days after the limitations period had expired.

13        A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

15  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

16  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

17  Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

18  properly pursuing post-conviction relief, and the period is tolled during the intervals between one

19  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

20  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

21  1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

22  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

23  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

24  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

25  the federal courts to have been untimely in state court will not satisfy the requirements for statutory

26  tolling. Id.

27        Petitioner's first state habeas petition was filed on April 16, 2008. At that point, 96 days of

28  the limitations period had expired. Respondent concedes the limitation period was tolled while the

1   petition was pending until it was denied on April 30, 2008. Petitioner filed his next state habeas

2   petition on November 13, 2008, which was 196 days later. Respondent argues that this 196-day time

3   interval should not be tolled because Petitioner did not timely proceed from one state court to the

4   next appellate level. Respondent's argument is persuasive. Pursuant to the Supreme Court's rulings

5   in Saffold and Chavis, Petitioner is entitled to tolling for this interval if he did not unreasonably

6   delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197.  In the absence of "clear direction or

7   explanation" from the state court indicating whether the state petition was timely, the federal court

8   "must itself examine the delay . . . and determine what the state courts would have held in respect to

9   timeliness." Chavis, 546 U.S. at 197. In Chavis, the Supreme Court found a period of six months

10  filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six

11  months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for

12  filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the

13  Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

17  Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

18          Here, Petitioner's delay of 196 days is unreasonable. The delay is greater than the short

19  period of time of 30 to 60 days provided by most States for filing an appeal, and the six month delay

20  found unreasonable in Chavis. A delay of 196 days, when only 30 or at most 60 days is normally

21  allotted, is excessive.  Therefore, Petitioner is not entitled to tolling for the 196-day interval. With

22  the additional 196 days, 292 days of the limitations period had lapsed when Petitioner filed his

23  second state habeas petition (96 + 196 = 292).

24          The statute of limitations was then tolled during the pendency of the habeas petition in the

25  appellate court until it was denied on February 4, 2009.  Petitioner filed his next petition in the

26  California Supreme Court on February 11, 2009.  He is entitled to interval tolling for the six days

27  between the two petitions since he did not unreasonably delay.  He is also entitled to tolling for the

28  time the habeas petition was pending until it was denied on April 15, 2009.  Petitioner filed his

1  federal petition 27 days later on May 13, 2009. Since Petitioner still had 73 days remaining in the

2  limitations period (365 - 292 = 73), the federal petition is timely.

3                                              **RECOMMENDATION**

4         Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

5  DENIED.

6         This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

7  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

8  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of

9  California.

10        Within thirty (30) days after service of this Findings and Recommendation, any party may

11 file written objections with the Court and serve a copy on all parties.  Such a document should be

12 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

13 Objections shall be served and filed within fourteen (14) days after date of service of any Objections.

14 The Finding and Recommendation will then be submitted to the District Court for review of the

15 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

16 to file objections within the specified time may waive the right to appeal the Order of the District

17 Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19        IT IS SO ORDERED.

20     **Dated:    July 21, 2010**              _____/s/ **Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28