UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY MAYBERRY, | ) | 1:09-CV-00873 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #19] |
| | ) | |
| v. | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #15] |
| | ) | |
| J. D. HARTLEY, | ) | ORDER REFERRING MATTER BACK TO |
| | ) | MAGISTRATE JUDGE FOR FURTHER |
| Respondent. | ) | PROCEEDINGS |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 22, 2010, the Magistrate Judge issued a Findings and Recommendation that recommended Respondent's motion to dismiss the petition for violating the statute of limitations be DENIED. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On August 6, 2010, Petitioner filed objections to the Findings and Recommendation. On August 23, 2010, Respondent filed objections. Petitioner filed a reply to Respondent's objections on September 2,

2010.

The parties disagree on when the statute of limitations commenced in this case. Respondent contends the statute commenced on the date the parole board rendered its decision, because, pursuant to 28 U.S.C. § 2244(d)(1)(D), that is the date Respondent asserts Petitioner knew or could have discovered the factual predicate for his claims. Petitioner argues the statute commenced 120 days after the parole board's decision because the decision did not become final until then. The Magistrate Judge determined Petitioner's argument was correct and this Court agrees. In Redd v. McGrath, 343 F.3d 1077 (9th Cir.2003), the Ninth Circuit determined that the statute of limitations for claims concerning parole suitability hearings is based on the date when the claims could have been discovered through the exercise of due diligence pursuant to § 2244(d)(1)(D). At the time of Redd, however, there was in place an administrative appeal process, and in Redd, the Ninth Circuit determined that for purposes of § 2244(d)(1)(D), the relevant date was when the administrative appeal was denied. Redd, 343 F.3d at 1084. Since then, the administrative appeal process has been abolished. Now, parole decisions become final 120 days after the parole board renders its tentative decision. Under the Ninth Circuit's rationale in Redd, the appropriate start date under § 2244(d)(1)(D) is the day after the decision becomes final, since Petitioner cannot know the factual predicate for his claim unless and until the decision becomes final. Redd, 343 F.3d at 1084. Therefore, the instant petition is timely and Respondent's motion to dismiss must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued July 22, 2010, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss the petition is DENIED;

3. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:     September 13, 2010**              /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE